UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                      No. 99-4908

HAROLD EDWARD KELLY,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-99-99)

Submitted: November 9, 2000

Decided: June 29, 2001

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Mary Lou Newberger, Acting Federal Public Defender, George H.
Lancaster, Jr., Assistant Federal Public Defender, Charleston, West
Virginia, for Appellant. Rebecca A. Betts, United States Attorney,
John H. Tinney, Jr., Assistant United States Attorney, Charleston,
West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Harold Edward Kelly appeals from his sentence imposed pursuant to his guilty plea to possession with intent to distribute crack cocaine. Kelly contends that his supervised release term of five years exceeded the maximum statutory term for his offense. We affirm.

Kelly bases his argument on the Supreme Court's recent decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Apprendi*, the Supreme Court held that, other than a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. Kelly argues that, under *Apprendi*, because the drug amount was not charged in the indictment, he could only be sentenced under the penalties described in 21 U.S.C.A. § 841(b)(1)(C) (West Supp. 2000) (providing penalties for offenses involving less than five grams of crack cocaine: twenty-year maximum imprisonment term and a minimum of three years supervised release). Kelly's imprisonment term was under the maximum prescribed by § 841(b)(1)(C). However, Kelly contends that his supervised release term of five years exceeded the statutory maximum supervised release term of three years.

Kelly has misread § 841(b)(1)(C), which clearly provides for a *minimum* supervised release term of three years, not a maximum. Since Kelly's five-year supervised release term does not exceed the statutory range allowable regardless of drug quantity, *Apprendi* is inapplicable. The identical claims were raised and rejected by *United States v. Pratt*, 239 F.3d 640, 648 (4th Cir. 2001), the holding of which requires affirmance in this case.

Accordingly, we affirm Kelly's sentence. We dispense with oral argument, because the facts and legal contentions are adequately pre-

sented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*